**ATLANTIC NATIONAL BANK v. AMERICAN LIMOUSINE, et al.**
Case No. SO82-2205
County Court, Orange County
April 21, 1983

---

James A. Fowler, for plaintiff.

Michael S. Davis, for defendant.

JAMES C. HAUSER, County Judge

---

This cause came before this Court as a non-jury trial for a deficiency judgment on April 1, 1983. There are no material issues in dispute. The only question is whether the Plaintiff sent adequate notice to the

Defendant that there would be a deficiency sale pursuant to Florida Statutes 679.504(3).

## FACTS

1. The Plaintiff sent notice to the Defendant, by certified mail, return receipt requested, that her property would be sold.

2. The Plaintiff never received notice from the Post Office whether the letter was accepted, rejected or left unclaimed.

3. The Defendant denies receiving the letter.

Florida Statute 679.504 does not require that the Plaintiff's notice be received by the Defendant, only that it was properly sent. *Talbert Inc. v. Reynolds*, 529 P2d 352 (Mont., 1974); *Beneficial Finance Co. of Black Hawk County v. Reed*, 13 UCC 974 (Ia., 1973); *Mallicot v. Volunteer Finance and Loan*, 415 So2d 347 (C.A. Tenn., 1966).

The Defendant has cited the court a case that indicates that if the notice is improperly sent, the Plaintiff is not entitled to recovery. *Edmonson v. Air Service Co.*, 180 SE2d 584 (C.A. Ga., 1971).

The rationale for sending the notice under Florida Statute 679.504 is so that the debtor may protect himself from an unfair and perhaps secret sale by the Plaintiff. *Dependable Insurance Co. v. Landers*, 421 So2d 175 (Fla. 5th DCA, 1982).

Based on the facts of this case, the Court must decide who should bear the loss for the Post Office's failure to deliver the letter. The Court rules that logic dictates that the loss must be borne by the Plaintiff. Having never received the letter, the Defendant is in no position to take any steps to rectify this type of situation. This is not so with the Plaintiff. After a reasonable time period, the Plaintiff could have contacted the Post Office to determine the whereabouts of the letter. If, as in this case, the letter was lost, the Plaintiff could then have sent a second letter to the Defendant.

Since the Plaintiff failed to satisfy the notice requirements, the Plaintiff is not entitled to judgment against the Defendant. *Dependable Insurance Co. v. Landers*, 421 So2d 175 (Fla. 5th DCA, 1982); *Barnett v. Barnett Bank of Jacksonville*, 345 So2d 804 (Fla. 1st DCA 1977); *Washington v. First National Bank of Miami*, 332 So2d 664 (Fla. 3rd DCA, 1976); Hepworth v. Orlando Bank and Trust Co., 323 So2d 41 (Fla. 4th DCA, 1975); *Turk v. St. Petersburg Bank and Trust Co.*, 281 So2d 534 (Fla. 2nd DCA 1973). Therefore, it is

ORDERED AND ADJUDGED that the Plaintiff take nothing from the Defendant.