## SUN BANK NATIONAL ASSOCIATION v MULLEN

Case No. CO86-220

County Court, Orange County

October 30, 1986

**APPEARANCES OF COUNSEL**

**J. Michael Malone** for plaintiff.

**Patrick C. Crowell** for defendant.

**OPINION OF THE COURT**

JAMES C. HAUSER, County Judge.

This cause came to be heard before this court as a non-jury trial on

the issue of whether the bank is entitled to a deficiency judgment against the defendant. The entire case revolves around the sole issue of whether the bank mailed a letter to the defendant informing her of her right to redeem the collateral. On July 1, after the court heard the final testimony, the court orally ruled that there was sufficient evidence that the bank had mailed the notice. On July 17th the defendant filed a motion for rehearing, which was heard by this court on July 22. Because of the complex nature of the evidentiary issue the court asked both sides to submit a memorandum of law. A memo was submitted by the defendant, but no memo was submitted by the plaintiff.

## FACTS

The defendant was formally married to Mr. Mullen. While they were married they purchased the vehicle in question, said vehicle being financed by the plaintiff. After the purchase of the vehicle Mr. and Mrs. Mullen divorced and Mr. Mullen retained physical possession of the vehicle. Mr. Mullen fell behind on his payments and the vehicle was repossessed.

The bank mailed a written notice return receipt requested to Mr. Mullen[1] informing him in conformity with the U.C.C. of his right to redeem the automobile after repossession. The letter to Mr. Mullen was returned to the bank because he failed to pick up the certified letter. The certified number on the outside of the envelope was P577229484. Although the letter was not actually received by Mr. Mullen, the bank sufficiently complied with the U.C.C. since the letter need only be sent, not actually received.[2]

The bank also claimed that it prepared and mailed a notice to the defendant Mrs. Mullen. The bank had in Mrs. Mullen's file a copy of the letter that was prepared by the bank.[3] There was also direct testimony from witnesses of the bank that the letter was prepared.

However there was no direct evidence that the letter was mailed. The bank did prepare a certified envelope P577229485 that they claim was to be mailed to Mrs. Mullen.[4] A witness for the bank testified that it is bank policy that if a deficiency notice is sent to more than one person on the note, that the certified letters be in consecutive numbers.

---

[1] Defendant's exhibit 1.

[2] *Atlantic National Bank v. American Limousine*, 4 Fla. Supp. 2d 67 (Orange County Ct. 1983); *Talbert Inc. v. Reynolds* 529 P. 2d 352 (Mont. 1974).

[3] Plaintiff's exhibit 3.

[4] Plaintiff's exhibit 5.

Although the bank claimed that they mailed the letter to Mrs. Mullen, the bank was unable to produce the envelope with the return receipt. A witness for the bank testified that they always keep and file any envelope sent return receipt requested which is returned to the bank. The court notes that the letter sent to Mr. Mullen was in fact returned to the bank. If a letter is sent by certified mail the bank retains a white return receipt. However the bank was unable to produce this receipt at trial.

A witness from the post office testified that the post office has a form 3489 which is used to trace lost letters sent by certified mail. However there was no form 3489 filled out with the post office for a certified letter number P577229485.

Mrs. Mullen denied ever receiving the deficiency notice. She also claimed that she always picked up her certified mail, but the bank introduced into evidence another letter mailed to Mrs. Mullen that had not been picked up by Mrs. Mullen.[5]

## STATEMENT OF LAW

There is no question that if the bank failed to send the notice the bank is not entitled to a deficiency judgment since the notice is a condition precedent to recovery.[6]

In order for the bank to recover they must prove by circumstantial evidence that the letter was not only prepared, but that it was mailed to Mrs. Mullen. This inference must be established to the exclusion of any other reasonable inference.[7] Although this court originally ruled that the plaintiff had met its burden of proof, the court upon rehearing is persuaded that the circumstantial evidence is simply not sufficient. There is no question in the court's mind that the bank did prepare the deficiency letter to Mrs. Mullen. There is also sufficient proof that the bank prepared an envelope that was to be sent to Mrs. Mullen. However there is not sufficient proof that this letter was ever mailed. In fact the weight of the evidence is that the letter was not in fact mailed, because the bank did not have either the return envelope or the white return receipt and the post office did not have a form 3849.[8]

---

[5] Plaintiff's exhibit 4.

[6] *Dependable Insurance Co. Inc. v. Landers,* 421 So. 2d 175 (Fla. 5th DCA 1986).

[7] *Voelker v. Combined Ins. Co. of Tennessee,* 73 So. 2d 403 (Fla. 1954).

[8] Fla. Stat. 90.803(7) holds that as a rule of evidence if a document is normally kept in the course of business and that document is missing, then that is valid evidence that there was no document.

**13**

It is therefore ordered and adjudged that the plaintiff take nothing from the defendant Mrs. Mullen and go hence without day.

Done and Ordered this 30th day of October, 1986.